JOHN J. BECHTOLD, petitioner-respondent,

*v.*

ESTHER KINGSTON BECHTOLD, defendant-appellant.

[Submitted February term, 1941. Decided May 20th, 1941.]

*Messrs. McCarter, English & Egner (Mr. Gerald McLaughlin),* for the petitioner-respondent.

*Mr. Emanuel Gersten* and *Mr. Abraham I. Harkavy,* for the defendant-appellant.

The opinion of the court was delivered by

WOLFSKEIL, J.

The appeal in this case is from a decree of divorce granted to the petitioner for desertion. The charge was denied by the appellant, who counter-claimed for alimony and contended the respondent left her without justification.

The marriage took place on October 3d, 1933. It was the first for the husband and the third for the wife, her two previous essays into matrimony having also terminated in divorce. The couple lived in an apartment furnished by possessions of the wife, and which represented ownership extending over from a prior marriage. Dissensions arose because of visits of the wife's mother, which began with occasional calls, progressed to more continuous stays, and cul-

minated in a form of enduring habitation. Because of the physical limitations of the dwelling place, the husband was subjected to inconveniences. He also repeatedly protested his right to married life with his wife on terms that did not imply the permanent presence of his mother-in-law. The wife virtually took the position that she would not live without her mother. The husband came home to find a "To Let" sign on the apartment, with the wife preparing to pack up her belongings. She left him in September, 1934, and refused to go back, despite numerous and sincere efforts on his part to have her return and resume their marital living. The husband's petition was filed in June, 1939.

Defendant-appellant seeks to refute the allegation of desertion, and she ascribes the parting to other causes. Neither her testimony nor that of her witnesses is persuasive on that point, while the evidence for the husband is convincing and comes from disinterested sources. Appellant also endeavors to maintain the defense of condonation through assertion of marital relations between the parties on the night of February 25th, 1935, at a hotel. Proof was offered of registry of a person of name similar to the husband's and his wife. The spelling, however, was slightly different, the identity was denied by the husband and by the manager of the hotel, and this defense was not initially pleaded, appearing in the case somewhat as an after-thought.

Only disputed questions of fact are involved. The advisory master heard the testimony and saw the witnesses. A reading of the evidence furnishes adequate basis for the conclusion that the wife chose to live with her mother against the wish of the husband, and that in her desertion of him there were comprised the requisite elements to sustain the adjudication in his favor.

The decree of the Court of Chancery is affirmed.

*For affirmance*—PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—THE CHIEF-JUSTICE, HEHER, JJ. 2.